**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| BRANDON TOWNSEL, | |
| Plaintiff, | |
| v. | CASE NO. 3:25-CV-195-CCB-SJF |
| SHAVON GENDRAW, et al., | |
| Defendants. | |

**OPINION and ORDER**
**and**
**REPORT and RECOMMENDATION**

This matter is before the Court on Plaintiff Brandon Townsel's Response to the Court's Order to Show cause issued on February 6, 2026, and his Renewed Motion for Alternative Service. For the reasons explained below, the undersigned can only deny Mr. Townsel's Renewed Motion for Alternative Service and recommend that Defendant Devanise Parker be dismissed without prejudice. But the undersigned will direct the United States Marshals Service to attempt service on Defendant Shavon Gendraw at the most recent address provided by Mr. Townsel.

## I.    Background

On March 4, 2025, Plaintiff Brandon Townsel, without a lawyer, filed the above-captioned case against Defendants Shavon Gendraw and Devanise Parker along with a Motion to Proceed In Forma Pauperis. The Court granted Mr. Townsel leave to proceed in forma pauperis and directed the Clerk to request a Waiver of Service from (and if necessary, the United States Marshals to serve process on) Defendant Shavon Gendraw

at 708 Linn Drive, Cleveland, OH 44108; and on Devanise Parker at 107 Badger Court, Vine Grove, KY 40175. The Waiver sent to Shavon Gendraw was later returned "Not Deliverable as Addressed." [DE 5]. The Court thus ordered Mr. Townsel to provide an updated address for Shavon Gendraw. Devanise Parker did not respond to the Waiver, and the United States Marshal was unable to serve process after three attempts. [DE 6, DE 9].

On May 19, 2025, Mr. Townsel provided updated addresses for both Defendants: Defendant Shavon Gendraw at 1215 W. 10th Street, Apt. 915, Cleveland OH 44113; and Defendant Devanise Parker at 135 Principal Court, Radcliff KY 40160. The Court thus directed the Clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Defendants at these addresses. [DE 12].

These service attempts were also unsuccessful. [*See* DE 14]. On July 25, 2025, the Court advised Mr. Townsel that it would make another attempt to obtain a waiver of service or serve Defendants. Mr. Townsel was thus ordered to provide updated addresses by August 31, 2025. In response, Mr. Townsel filed a Motion for Alternative Service, seeking leave to serve defendants through email and social media platforms or by publication. The Court subsequently denied this motion and ordered Mr. Townsel to comply with the Court's July 25, 2025, order by providing updated addresses for defendants.

Mr. Townsel timely provided updated addresses for both Defendants: Defendant Shavon Gendraw at 38360 Tamarac Blvd Apt. 101, Willoughby, OH; and Defendant Devanise Parker at 3222 E. 1st Ave, Apt. 1020, Denver, CO 80206. The Court accordingly

2

directed the Clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Defendants at these addresses. This Waiver was returned as undeliverable from Shavon Gendraw on December 29, 2025. In response, Mr. Townsel filed another address for Mr. Gendraw on January 8, 2026. Mr. Townsel included information with the address suggesting its validity as Mr. Gendraw's current place of employment. Accordingly, the Court directed the Clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Defendant Gendraw at this new address: J8 Security LLC, 3554 Brecksville Rd., Ste. 100, Richfield, OH 44286. This Waiver has not been returned as undeliverable, but Mr. Gendraw has not appeared or otherwise responded.

The Waiver sent to Devanise Parker was returned as undeliverable on January 20, 2026. [DE 24, DE 26]. No new address has been provided. Accordingly, consistent with its order dated July 25, 2025, the Court then ordered Mr. Townsel to show cause why his time to serve Defendant Devanise Parker under Fed. R. Civ. P. 4(m) has not expired. The Court ordered Mr. Townsel to show cause by February 27, 2026, and warned him that Defendant Parker would be dismissed without prejudice under Fed. R. Civ. P. 4(m) if he failed to do so.

Mr. Townsel timely responded to the Court's Order to Show Cause on February 26, 2026. In his response, Mr. Townsel explains that he has made diligent efforts to locate Defendants but believes that they are evading service. Accordingly, he asks the Court to discharge the Order to Show Cause, extend time for service, and authorize alternative service methods through Defendants' social media accounts.

3

## II.    Discussion

Fed. R. Civ. P. 4(m) provides that

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Here, Mr. Townsel is proceeding *in forma pauperis*, so "[t]he officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). As explained above, the Court generally meets this obligation by directing the Clerk to serve a waiver of process or the United States Marshal to serve process on defendants using addresses identified by the plaintiff. *See, e.g., Moen v. Woolridge*, No. 4:25-CV-04047-SLD-RLH, 2025 WL 1361461, at *1 (C.D. Ill. May 9, 2025); *Graumenz v. United State*s, No. 23-CV-2234-DWD, 2024 WL 3552412, at *9 (S.D. Ill. July 26, 2024); *Betts v. City of Marion*, No. 1:23-CV-408-HAB-SLC, 2023 WL 7298973, at *3 (N.D. Ind. Nov. 6, 2023); *Black v. Friedrichsen*, No. 1:19-CV-307, 2020 WL 1184466, at *5 (N.D. Ind. Mar. 11, 2020); *Gatewood v. Illinois Dep't of Corr.*, No. 19 CV 50275, 2019 WL 7194118, at *4 (N.D. Ill. Dec. 23, 2019). The Court has made multiple attempts to serve Defendants consistent with its obligations. No attempt has been successful, but, at this stage of the case, the Court has more information for Defendant Gendraw than it does for Defendant Parker.

As to Defendant Shavon Gendraw, the Court attempted service at the address provided by Mr. Townsel on January 8, 2026. The Waiver of Service sent to this address has not been returned by Defendant Gendraw, but it also was not returned as undeliverable. Accordingly, consistent with the Court's prior order, the United States

4

Marshals Service will now attempt to serve Shavon Gendraw at this address. Thus, there is no need for the Court to consider alternative service methods for Defendant Gendraw at this time.

As to Defendant Devanise Parker, Mr. Townsel has not provided any additional addresses. Mr. Townsel contends that she has been evading service and thus asks the Court to extend time for service so that he can try to serve her via alternative service methods— her social media accounts. He explains that Defendants maintain active accounts on social media platforms including Facebook, Instagram, and TikTok, that these accounts "appear authentic and regularly used" and that service through these accounts is therefore likely to provide actual notice. [DE 29 at 3, ¶V.]. Mr. Townsel then says that he "is prepared to provide screenshots or identifying information for the relevant accounts upon request of the Court." [*Id.*].

The Court considered Mr. Townsel's request to serve Defendants through their social media accounts in its order dated October 27, 2025. There, the Court explained that Indiana law does not explicitly provide for service by social media but does allow the Court to "make an appropriate order for service in a manner not provided by these rules or statutes when such service is reasonably calculated to give the defendant actual knowledge of the proceedings and an opportunity to be heard." [DE 20 at 3, quoting Indiana Rule of Trial Procedure 4.14]. As the Court observed, other courts have approved service by social media when the plaintiff sets forth enough facts tying the social media accounts to the defendants and showing that the defendants will receive service through these accounts. The Court thus found Mr. Townsel's prior motion

insufficient because he "fail[ed] to provide the names of any social media accounts to be served, any facts showing that named email accounts and unnamed social media accounts belong to Defendants, or any facts showing that the accounts are active and monitored." [DE 20 at 4].

Despite the Court's prior order explaining parameters for a sufficient factual showing, Plaintiff again fails to provide the names of the subject social media accounts or any facts supporting his statements that these accounts belong to Defendants and are actively monitored. Instead, Mr. Townsel states that he will provide information "upon request." [DE 29 at 3, ¶V.]. But it is Mr. Townsel's burden to show the Court that his proposed service method is reasonably calculated to provide actual notice, not for the Court to request additional information, especially when the Court previously explained what information was necessary. Accordingly, the Court can only deny his request for alternative service for the same deficiencies identified and explained in its October 27, 2025, order. And with no information on which the Court can use to attempt service on Defendant Devanise Parker, the Court can only recommend dismissal of this defendant without prejudice.

## III.    Conclusion

For these reasons, the Court now

> -**DIRECTS** the United States Marshals Service to serve process on Defendant Shavon Gendraw at the following address: J8 Security LLC, 3554 Brecksville Rd., Ste. 100, Richfield, OH 44286;

-**DENIES** Plaintiff Brandon Townsel's Renewed Motion for Alternative Service;

[DE 29] and

-**RECOMMENDS** that Defendant Devanise Parker be dismissed without

prejudice under Federal Rule of Civil Procedure Rule 4(m).

As to this recommendation,

**NOTICE IS HEREBY GIVEN that within fourteen (14) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**

**SO ORDERED** this 26th day of May 2026.

s/Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge

7