**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

BRANDON TOWNSEL,

Plaintiff,

v.                                                    CASE NO. 3:25-CV-195-CCB-SJF

SHAVON GENDRAW,

Defendant.

**REPORT and RECOMMENDATION**

This matter is before the Court sua sponte on matters of service, as the only remaining Defendant, Shavon Gendraw, has not been served. As multiple service attempts have been unsuccessful, and without other information on which to use to effect service, the Court will recommend that Defendant Gendraw be dismissed without prejudice, and this case closed.

**I.      Background**

The Court has documented the procedural history of this case several times. [*See* Court's orders dated May 26, 2026, February 6, 2026, and July 25, 2025, at docket entries 30, 27, and 17]. For the sake of completeness, the Court reiterates this history as of the current date.

Plaintiff Brandon Townsel, without a lawyer, filed the above-captioned case against Defendants Shavon Gendraw and Devanise Parker along with a Motion to Proceed In Forma Pauperis on March 4, 2025. The Court granted Mr. Townsel leave to proceed in forma pauperis and directed the Clerk to request a Waiver of Service from

(and if necessary, the United States Marshals to serve process on) Defendant Shavon

Gendraw at 708 Linn Drive, Cleveland, OH 44108; and on Devanise Parker at 107

Badger Court, Vine Grove, KY 40175. The Waiver sent to Shavon Gendraw was later

returned "Not Deliverable as Addressed." [DE 5]. The Court thus ordered Mr. Townsel

to provide an updated address for Shavon Gendraw. As to Devanise Parker, she did not

respond to the Waiver, and the United States Marshal was unable to serve process after

three attempts. [DE 6, DE 9].

On May 19, 2025, Mr. Townsel provided updated addresses for both Defendants:

Defendant Shavon Gendraw at 1215 W. 10th Street, Apt. 915, Cleveland OH 44113; and

Defendant Devanise Parker at 135 Principal Court, Radcliff KY 40160. The Court thus

directed the Clerk to request a Waiver of Service from (and if necessary, the United

States Marshals Service to serve process on) Defendants at these addresses. [DE 12].

These service attempts were also unsuccessful. [*See* DE 14]. On July 25, 2025, the

Court advised Mr. Townsel that it would make another attempt to obtain a waiver of

service or serve Defendants. Mr. Townsel was thus ordered to provide updated

addresses by August 31, 2025. In response, Mr. Townsel filed a Motion for Alternative

Service, seeking leave to serve defendants through email and social media platforms or

by publication. The Court subsequently denied this motion and ordered Mr. Townsel to

comply with the Court's July 25, 2025, order by providing updated addresses for

Defendants.

Mr. Townsel then timely provided updated addresses for both Defendants:

Defendant Shavon Gendraw at 38360 Tamarac Blvd Apt. 101, Willoughby, OH; and

Defendant Devanise Parker at 3222 E. 1st Ave, Apt. 1020, Denver, CO 80206. The Court accordingly directed the Clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Defendants at these addresses. This Waiver was returned as undeliverable from Shavon Gendraw on December 29, 2025. In response, Mr. Townsel filed another address for Gendraw on January 8, 2026. Mr. Townsel included information with the address suggesting its validity, as it appeared to list Gendraw's current place of employment. Accordingly, the Court directed the Clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Defendant Gendraw at this new address: J8 Security LLC, 3554 Brecksville Rd., Ste. 100, Richfield, OH 44286. This subsequent Waiver was not returned, nor was it noted as undeliverable, but Gendraw did not appear or otherwise respond to the complaint. Thus, the Court directed the United States Marshals to serve process on Gendraw using this address.

As to Devanise Parker, however, the waiver sent to her was returned as undeliverable on January 20, 2026, and no new address was provided by Mr. Townsel. [DE 24, DE 26]. Accordingly, consistent with its order dated July 25, 2025, the Court then ordered Mr. Townsel to show cause why his time to serve Defendant Devanise Parker under Fed. R. Civ. P. 4(m) had not expired. The Court ordered Mr. Townsel to show cause by February 27, 2026, and warned him that Defendant Parker would be dismissed without prejudice under Fed. R. Civ. P. 4(m) if he failed to do so.

Mr. Townsel responded to the Court's Order to Show Cause on February 26, 2026. Mr. Townsel explained that he made diligent efforts to locate Defendants but

3

believes that they are evading service. Accordingly, he asked the Court to discharge the Order to Show Cause, extend time for service, and authorize alternative service methods through Defendants' social media accounts. On May 26, 2026, the Court denied Mr. Townsel's alternative service requests as they pertained to Defendant Devanise Parker, explaining that Mr. Townsel failed to provide enough information showing that service via social media was reasonably calculated to provide actual notice. With no other address information for Devanise Parker, the Court recommended dismissal of Defendant Parker on May 26, 2026. Defendant Parker was then dismissed on June 16, 2026, with no objection filed by Mr. Townsel in the interim. [*See* DE 32].

As stated, the case continued with another service attempt on Gendraw. [*See* DEs 31, 33]. But on July 2, 2026, the United States Marshals Service returned the summons as unexecuted, reporting that Gendraw is no longer employed there.

## II.    Discussion

Fed. R. Civ. P. 4(m) provides that

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Here, Mr. Townsel is proceeding *in forma pauperis*, so "[t]he officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). As explained in the Court's prior orders, the Court generally meets this obligation by directing the Clerk to serve a waiver of process or the United States Marshal to serve process on defendants using addresses identified by the plaintiff. Consistent with this process, and as outlined

4

in the history of this case, the Court has now attempted to serve Shavon Gendraw on multiple occasions at three addresses—to no avail. The Court has warned Mr. Townsel that failure to effectuate service could result in dismissal of any unserved defendant without prejudice. [*See* Court's orders dated February 6, 2026, and July 25, 2026]. Based on the number of failed service attempts, the time that has passed, and the lack of additional information on which to attempt service again, the Court can only recommend that Defendant Shavon Gendraw be dismissed without prejudice. As Defendant Gendraw is the only remaining defendant, the case will terminate if Gendraw is dismissed.

### III.    Conclusion

For these reasons, the Court now

-**RECOMMENDS** that Defendant Shavon Gendraw be dismissed without prejudice under Federal Rule of Civil Procedure Rule 4(m).

> **NOTICE IS HEREBY GIVEN that within fourteen (14) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**

**SO ORDERED** this 7th day of July 2026.

s/Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge